UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MARY JOHNSON,<br>       Plaintiff,<br><br>       v.<br><br>AANYA HOSPITALITY, INC.<br>d/b/a HAMPTON INN & SUITES,<br><br>       Defendant. | CASE NO.  3:22-cv-151<br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff, MARY JOHNSON, an individual (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby sue the Defendant, AANYA HOSPITALITY, INC. D/B/A HAMPTON INN & SUITES, a Florida Profit Corporation (hereinafter "Defendant"), for declaratory and injunctive relief, pursuant to Title III, 42 U.S.C. § 12181-12189 of the Americans with Disabilities Act ("ADA"), 28 C.F.R. Part 36, and for damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, (hereinafter the "FDUTPA"), and alleges:

### **INTRODUCTION**

1.  On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. § 36.508(a).

2. Congress found, among other things, that:

a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b. Historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c. Discrimination against disabled individuals persists in such critical areas including employment, housing, public accommodations, transportation, communication, recreation, health services, voting and access to public services and public facilities;

d. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1-3),(5) and (9).

3. Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

4. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R § 36 and its successor the 2010 ADA Accessibility Guidelines[1] (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.[2]

5. Pursuant to 28 C.F.R. part 36.401, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. Part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.402, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. Part 36.304, all measures taken to comply with barrier removal

---

[1] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards_prt.pdf (last visited February 10, 2022)
[2] Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. See 28 C.F.R. § 36 and § 85.

requirements of 42 U.S.C. § 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

6. Under the 28 C.F.R. part 36.202(a) "A public accommodation shall not subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation."

7. Under the 28 C.F.R. part 36.206(c) Illustrations of conduct prohibited by this section include, but are not limited to:

> (1) Coercing an individual to deny or limit the benefits, services, or advantages to which he or she is entitled under the Act or this part;
>
> (2) Threatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;
>
> (3) Intimidating or threatening any person because that person is assisting or encouraging an individual or group entitled to claim the rights granted or protected by the Act or this part to exercise those rights; or
>
> (4) Retaliating against any person because that person has participated in any investigation or action to enforce the Act or this part.

8. Under the 28 C.F.R. part 36.201(a) "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation."

9. Failure to comply with these requirements constitutes a violation of the ADA.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been vested with federal question jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See also 28 U.S.C. § 2201 and § 2202 as well as the 2010 ADA Standards.

11. This court has supplemental jurisdiction over any FDUTPA claims pursuant to 28 U.S.C. § 1367.

12. The remedies provided by Fla. Stat. § 760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA. Filing a lawsuit, even without prior notice to the defendant or state agencies, constitutes a valid legal recourse to redress discrimination that allows the disabled to "fully participate in all aspects of society." 42 U.S.C. § 12101(a)(1-4). Therefore, Plaintiff has exhausted all administrative remedies that are due.[3]

---

[3] In *Medina-Rodriguez v. Fernandez Bakery, Inc. et al,* Civil No. 16-2578 (FAB) (D.P.R. June 14, 2017), the Court denied defendant's motion to dismiss for, among others, alleged failure to exhaust administrative remedies. The majority of courts across the country addressing the issue have come to the same conclusion that Title III of the ADA does not incorporate the notice requirement of Title II of the Civil Rights Act. *See, e.g., Williams v. Hermanson Family LP*, 1997 WL 33471624, at 3-4; *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir. 2000) (stating "[a] plaintiff in a private Title III action is not required to provide any notice to any state or local agency as a prerequisite to filing suit"); *Burkhart v. Widener Univ., Inc*., 70 F. App'x 52, 54 (3d Cir. 2003) (stating "[t]he District Court here adopted the same reasoning [in *Botosan*], and we will do so as well*"); Wyatt v. Liljenquist*, 96 F. Supp. 2d 1062, 1064 (C.D. Cal 2000) (stating "[b]y its express terms, the ADA adopts only Section 2000a-3(a), which says nothing about notice or exhaustion of remedies"); *Guzman v. Denny's Inc*., 40 F. Supp. 2d 930 (S.D. Ohio 1999) (stating "[t]o hold that the entirety of § 2000a-3 is adopted, is to impermissibly render superfluous the explicit textual reference to §2000a-3(a)"); *Walker v. Asmar Ctr., LLC,* 2011 WL 5822394, at *6 (E.D. Mich. Nov. 15, 2011) (agreeing with *Guzman* and finding plaintiff was not required to exhaust administrative remedies).

13. Venue is properly located in the Middle District of Florida because, (1) the Defendant is located in this district, and (2) Defendant conducts business within this judicial district, and or (3) all of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this district.

## PARTIES

### PLAINTIFF

14. Plaintiff currently resides in Bradford, Florida.

15. Plaintiff requires the use of a wheelchair for mobility due to the permanent effects of a stroke, and thus suffers from what constitutes as a "qualified disability" under the ADA. The Plaintiff's disability is defined in 42 U.S.C. §12012(1)(A), 42 U.S.C. §12012(1)(B), and in 42 U.S.C. § 3602(h).

16. At the time of the Plaintiff's visit to the premises (and prior to instituting this action), Plaintiff had and was regarded as having a "qualified disability" under the ADA. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises even though Plaintiff was a "bona fide" patron.

17. In this context, Plaintiff's "bona fide" patron status results from the motivation to avail herself of the goods and services of Defendant's establishment.

18. Plaintiff has suffered irreparable harm, humiliation, degradation and discrimination in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of her disability or perceived disability.

19. Between January 21, 2022 through January 22, 2022, and at all times relevant, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the Defendant's Premises.

20. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

21. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

22. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property. Plaintiff would like to be able to patronize the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but are currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discriminatory conditions and to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

**DEFENDANT**

23. Defendant, AANYA HOSPITALITY, INC. D/B/A HAMPTON INN & SUITES, is a Florida Profit Corporation holding itself to the public as Hampton Inn & Suites

Jacksonville/Orange Park, and is authorized to conduct, and is conducting business within the state of Florida.

24. Defendant may be served through its registered agent Samir H Patel, 141 Park Avenue, Orange Park, FL 32073.

25. Defendant is the owner of the commercial space of real property located at 141 Park Avenue, Orange Park, FL 32073.

26. Therein, the Defendant operates a hotel known as Hampton Inn & Suites Jacksonville/Orange Park. (which is also referenced as "Premises," or "subject facility").

27. Construction of the Premises was completed in 2018.

28. The Premises is a hotel which is open to the general public, and therefore is a place of "public accommodation" pursuant to 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. 36.302 *et seq*.

29. As the owner or operator of the subject facility, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. § 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. § 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner or operator was under an

obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

Plaintiff re-alleges and incorporate by reference the allegations stated in paragraphs 1-29 herein above.

30. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

31. Defendant has discriminated, and continues to discriminate against Plaintiff and others who are similarly situated by denying access to and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 *et seq*.

32. Plaintiff visited the Premises from January 21, 2022 through January 22, 2022 and was denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

33. Upon checking into room 404 at Defendant's Premises, Plaintiff and her husband discovered that there was no seat in the roll-in shower.

34. The Premises supervisor was called and notified that there was no seat in the roll-in shower.

35. Plaintiff and her husband asked Defendant for a portable shower seat[4] on January 21, 2022 and Defendant did not have one in the room or otherwise available for Plaintiff to use.

36. The Premises supervisor told Plaintiff and her husband that they could have their money back and could go find another hotel to stay at, on a rainy Friday evening.

37. Plaintiff currently lives in close proximity, 35.4 miles from Defendant's Premises. *See Houston v. Marod*, 733 F.3d 1323, 1336 (11th Cir. 2013).[5]

38. Plaintiff regularly travels to the Jacksonville, Florida area in which Defendant's Premises is located, as she resides in the community, and Plaintiff will continue to travel to the area in the near future.

39. Plaintiff may need to return and enjoy the goods and/or services at the Premises in the near future, and expects to have independent visits for personal reasons. Plaintiff intends to visit the Premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises.[6]

40. Defendant's failure and refusal to provide persons with disabilities with full and equal access to its Premises only serves to further the discrimination and injury endured by Plaintiff.

41. Plaintiff is presently deterred from visiting Defendant's Premises, known to be out of compliance with the ADA, which constitutes an actual and present injury as surely

---

[4] A portable shower seat would not have excused Defendant's violation of the ADA.
[5] "Plaintiff . . . lives in the next county. He does not live hundreds of miles away from the store with no particular reason to return." *Houston*, 733 F.3d at 1336.
[6] Thus, contrary to the holding in *Norkunas v. Park Rd. Shopping Ctr., Inc.*, by way of her dual motivation, Plaintiff has established more than a "naked assertion" of desire to return to defendant establishment." 777 F. Supp. 2d 998 (W.D.N.C. 2011).

as future visits to the same location constitute a threatened and imminent injury. "The likelihood of [plaintiff] suffering future injury thus is not contingent upon events that are speculative or beyond [her] control. Rather, the cause of the injury continues to exist, and the likelihood of [Plaintiff] encountering that cause in the future depends only on [Plaintiff's] own volition." *Houston*, 733 F.3d at 1337.[7]

42. During Plaintiff's visit to the Premises an inspection was made confirming the ADA violations at the subject property. Findings based on the inspection of the subject property demonstrate, Defendant is in violation of 42 U.S.C. § 12182 *et seq*. and the 2010 American Disabilities Act Standards *et seq*., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found whose resolution is readily achievable, but are not limited to:

a. The Premises fails provide a folding or non-folding provide shower seat in the roll-in shower, violating Section 608.4 of the new ADAAG. The law requires that "A folding or non-folding seat shall be provided in transfer type shower compartments. A folding seat shall be provided in roll-in type showers required in transient lodging guest rooms with mobility features complying with 806.2. Seats shall comply with 610."

b. The Premises fails to have a seat in the roll-in shower that complies with Section 610 of the new ADAAG.

43. The following photograph of the Premises depicts the roll-in shower in room 404 on January 21, 2022:

---

[7] "Under the totality of the facts here, the threat of future injury to [plaintiff] is not merely 'conjectural' or 'hypothetical.' Instead it is 'real and immediate.'" *Houston*, 733 F.3d at 1337.



44.     The violations present at Defendant's Premises, create a hazard to Plaintiff's safety, both physical and mental.

45.     The violations present at Defendant's Premises infringe on Plaintiff's rights to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's Premises. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant's contribute to the Plaintiffs' sense of isolation and segregation and deprives the Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the meaningful

choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives the Plaintiff the equality of opportunity offered to the general public.

46. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Defendant's Establishment to make those facilities readily accessible and usable to Plaintiff, and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures their violations of the ADA.

48. Defendant's actions were taken knowingly, willfully, intentionally, and in reckless disregard for Plaintiff's rights under the law.

49. All conditions precedent to this action have occurred or have been waived.

**WHEREFORE**, Plaintiff demands judgment against Defendant and respectfully requests the following injunctive and declaratory relief:

(a) The Court declares that the Defendant is in violation of the ADA and order the building and the attendant business (hospital) therein to be closed to the public until such time that they are deemed by this Court to be accessible;
(b) As such, in case of Defendant failing to file any paper or pleading as required by law and defaults, Plaintiff seeks an Order of this Court enjoining Defendant from further or continuing operations until such time as Defendant demonstrates that it is in compliance with the requirements of the ADA in its business operations;

(c)     The Court enter an Order requiring Defendant to alter the building and the attendant business hospital therein such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

(d)     The Court enter an Order directing Defendant to evaluate and make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; to safeguard that no individual with a disability using an auxiliary aid or device is excluded, denied services, segregated or otherwise treated differently than other individuals.

(e)     The Court award reasonable attorney's fees, costs and litigation expenses (including, but not limited to court costs and any expert fees) pursuant to 42 U.S.C. § 12205.

(f)     The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF FDUTPA, Fla. Stat. § 501.204

Plaintiff realleges those allegations contained within paragraphs 1-49 above and incorporates them herein by this reference.

50.     The FDUPTA, Fla. Stat. § 501.204 states as follows:

(1)   Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

51.     Defendant has violated the FDUPTA, Fla. Stat. § 501.204 by advertising and representing to Plaintiff and the public that it "complies with ADA Guidelines" when in fact it has failed to comply with Sections 608.4 and 610 of the new ADAAG.

52. Defendant utilizes the following photograph jaxorhx-hampton-jacksonville-ada-shower-2738.jpg ("Photograph") located on Defendant's website[8] which purports to depict the roll-in shower in the "accessible room" at the Premises:



53. Defendant has violated the FDUPTA, Fla. Stat. § 501.204 through utilizing the Photograph because it purports to depict the roll-in shower in the "accessible room" at the Premises when in fact Defendant has failed to comply with Sections 608.4 and 610 of the new ADAAG.

54. Plaintiff and her husband paid Defendant $178.88 to stay in room 404 from January 21, 2022 through January 22, 2022.

---

[8] https://www.hilton.com/en/hotels/jaxorhx-hampton-suites-jacksonville-orange-park/rooms/?WT.mc_id=zlada0ww1hx2psh3ggl4advbpp5dkt6multibr7_153665317_1003528&gclid=Cj0KCQiAr5iQBhCsARIsAPcwRONXzc9zIIHJbnYYo2F7oNCLtpkABoOUrlxqWHI-ZiLwAuYLCUO5zdwaAv4cEALw_wcB&gclsrc=aw.ds&category=accessible (last visited February 11, 2022)

55. Plaintiff and her husband patronized Defendant's Premises based on Defendant's representations that the "accessible room" complied with the ADA.

56. Plaintiff has suffered actual damages as a result of Defendant's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its business as a hotel in the form of attorney fees, time lost, anger, anxiety, frustration, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in Plaintiff's favor as follows:

(a) award Plaintiff actual damages, pursuant to Fla. Stat. § 501.211(2);
(b) enter declaratory judgment that the acts or practices described herein violates Fla. Stat. § 501.204 and to enjoin Defendant from such acts, pursuant to Fla. Stat. § 501.211(1);
(c) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 501.2105;
(d) prejudgment interest; and
(e) all other relief which this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT, Fla. Stat. § 501.211(1)

Plaintiff realleges those allegations contained within paragraphs 1-53 above and incorporates them herein by this reference.

57. Plaintiff demands declaratory judgment that the acts or practices described herein violates Fla. Stat. § 501.204.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in Plaintiff's favor as follows:

(a)     enter declaratory judgment that the acts or practices described herein violates Fla. Stat. § 501.204 and to enjoin Defendant from such acts, pursuant to Fla. Stat. § 501.211(1);

(b)     award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 501.2105; and

(c)     all other relief which this Court deems just and proper.

## COUNT IV – INJUNCTIVE RELIEF, Fla. Stat. § 501.211(1)

Plaintiff realleges those allegations contained within paragraphs 1-53 above and incorporates them herein by this reference.

58.     Plaintiff demands that Defendant be enjoined from the acts or practices described herein violates Fla. Stat. § 501.204.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in Plaintiff's favor as follows:

(a)     enjoin Defendant from the acts or practices herein that violate Fla. Stat. § 501.204, pursuant to Fla. Stat. § 501.211(1);

(b)     award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 501.2105; and

(c)     all other relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all counts.

Respectfully submitted this 11th day of February, 2022 by:

                                               **THOELE|DRACH**

BY: _____

**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justin@thoeledrach.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amanda@thoeledrach.com
7545 Centurion Parkway, Suite 303
Jacksonville, FL 32256
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiff*